IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIAM H. GILLIAM, | ) | CIVIL NO. 18-00317 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING FIRST |
| | ) | AMENDED COMPLAINT FOR LACK OF |
| vs. | ) | SUBJECT MATTER JURISDICTION; |
| | ) | ORDER DENYING AS MOOT MOTION |
| ROY GLASSETT, | ) | TO DISMISS FOR FAILURE TO |
| | ) | STATE A CLAIM; ORDER SETTING |
| Defendant. | ) | DEADLINE FOR THE FILING OF A |
| _____ | ) | MOTION SEEKING LEAVE TO FILE |
| | | A SECOND AMENDED COMPLAINT |

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; ORDER DENYING AS MOOT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; ORDER SETTING DEADLINE FOR THE FILING OF A MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT**

I. INTRODUCTION.

Plaintiff William H. Gilliam complains that Defendant Roy Glassett disturbed him by playing music a few minutes after "quiet time" began at a vacation condominium on Kauai. Any dispute about how loud the music was playing must remain unresolved by this court at this point because the First Amended Complaint does not allege facts establishing this court's subject matter jurisdiction. This court dismisses the First Amended Complaint for lack of jurisdiction, rendering moot Glassett's motion to dismiss for failure to state a claim. Gilliam may file a motion seeking leave to file a Second Amended Complaint no later than January 31, 2019. In the interest of keeping down the costs of litigating this dispute, this court orders that Glassett need not take any further action (including responding to a

motion for leave to file a Second Amended Complaint) with respect to this case until this court directs such action.

**II.     ANALYSIS.**

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution or by statute. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). Gilliam, the party invoking this court's jurisdiction, has the burden of proving the actual existence of subject matter jurisdiction. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). Gilliam asserts diversity and federal question jurisdiction. As discussed below, neither supplies this court with subject matter jurisdiction with respect to Gilliam's claims.

On October 12, 2018, Glassett moved to dismiss the original Complaint in this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On October 22, 2018, Gilliam filed a First Amended Complaint. The court deems the motion to dismiss to apply with respect to the First Amended Complaint. In preparing for a potential hearing with respect to the motion to dismiss, this court determined that the First Amended Complaint failed to allege claims over which this court has subject matter jurisdiction. *In re Excel Innovations, Inc.*,

2

502 F.3d 1086, 1092 (9th Cir. 2007) ("we have an independent obligation to inquire into the presence or absence of subject matter jurisdiction"). Accordingly, the court *sua sponte* dismisses the First Amended Complaint for lack of subject matter jurisdiction. It appears to a legal certainty that the requisite amount for diversity jurisdiction is lacking, and the federal question claims pled in the First Amended Complaint are wholly insubstantial and frivolous. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if jurisdiction is lacking").

The court dismisses the First Amended Complaint without notice to Gilliam because, even construing the pleading liberally, no argument could satisfactorily overcome the deficiencies discussed below, and because Gilliam may file a motion that attaches a proposed Second Amended Complaint properly alleging claims over which this court has subject matter jurisdiction. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) ("The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants." (quotation marks and citation omitted)). This procedure balances Gilliam's attempt to have his claim adjudicated before this court with Glassett's interest in avoiding the expense of challenging a potentially frivolous claim.

**A. THIS COURT LACKS DIVERSITY JURISDICTION.**

Under 28 U.S.C. § 1332(a), this court has original jurisdiction with respect to civil actions when the parties are diverse and the matter in controversy exceeds $75,000, exclusive of interest and costs. When a complaint is originally filed in federal court, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quotation marks and citation omitted). Generally, the amount in controversy alleged in a complaint controls so long as it is made in good faith. However, a court may dismiss a complaint for lack of diversity jurisdiction when it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* That is, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Id.* (quotation marks and citation omitted). *Accord Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (quotation marks and citation omitted)).

While the First Amended Complaint alleges that the necessary amount in controversy is in issue, this court rules

4

that "it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions*, 599 F.3d at 1106. To a legal certainty, Gilliam has not pled a claim involving more than $75,000 in controversy, exclusive of interest and costs.

Gilliam alleges that a vacationer, Glassett, allegedly played music too loudly. Gilliam alleges that the music was being played after the 9 p.m. "quiet time" mandated by the condominium project's rules. *See* First Amended Complaint ¶ 6, ECF No. 7, PageID # 43. Gilliam says that Glassett "placed and directed powerful stereo speakers on his rented apartment lanai . . . , and blared the music (presumably to overcome the loud waves and surf), with indifference to all others . . . ." *Id.*

According to an e-mail dated March 14, 2013, written by Glassett and attached to the First Amended Complaint, Glassett and someone named Marjie were

> sitting on the patio listening to music and visiting. At approximately 9:15pm [on March 10, 2013,] the tenant from #209 [Gilliam] came around the corner in the dark and began yelling and screaming that our music was too loud and that quiet hours began at 9pm. He was very angry, abusive and came upon us very suddenly. It was very unsettling and somewhat threatening in the way he approached us.
>
> The next morning he was on the patio above us. I tried to speak to him and explain our willingness to play our music so it did not disturb him, but he would not let me speak and again began yelling and then went inside. He would not give us an opportunity to speak

5

> and as he was leaving the patio I did let him
> know quiet hours begin at 10pm, not 9pm as he
> had told me.
>
> Last night, Wednesday, we were again on the
> patio listening to music playing inside the
> condo.  At around 9pm, Robert the night guard
> approached up to let us know that the tenant
> in #209 lodged a complaint that our music was
> too loud.  Robert [assessed] the situation
> and said we were not being too loud and that
> the music could not be heard beyond the patio
> as the ocean was too loud.  Our music was at
> a volume that would be lower than [] a normal
> TV volume.  Robert also evaluated the noise
> from unit #209 and said he could not hear our
> music from that vantage point.  He returned
> later to confirm our behavior was well within
> good tenant behavior.  He also suggested that
> if the threatening behavior continued, we
> should call the police.
>
> Shortly after that, water came splashing down
> onto our patio from the patio of #209 and the
> sliding door slammed shut.

ECF No. 7-6, PageID # 53.

Even assuming that Glassett played his music loudly and in violation of "quiet time" on one or two occasions, and even assuming that Glassett lied in the e-mail containing his version of the events, the facts alleged do not support an award exceeding $75,000.  No other facts are alleged in the First Amended Complaint or contained in its exhibits that would justify an award of the jurisdictional minimum.  Although the First Amended Complaint mentions that a law firm is seeking more than $100,000 in attorneys' fees and expenses from Gilliam in a foreclosure proceeding, there is no allegation that Glassett has

any responsibility for those fees.  The court therefore rules that the First Amended Complaint fails to allege facts demonstrating diversity jurisdiction.

      **B.    THIS COURT LACKS FEDERAL QUESTION JURISDICTION.**

"A plaintiff properly invokes § 1331 jurisdiction when [he or] she pleads a colorable claim arising under the Constitution or laws of the United States."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (quotation marks and citation omitted).  "Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)."  *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999).

Gilliam asserts wholly insubstantial and frivolous federal claims based on assertions of violations of criminal statutes and a civil Racketeer Influenced and Corrupt Organization ("RICO") claim.  *See Bell v. Hood*, 327 U.S. 678, 682-83 (1946) ("a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (same).

To the extent Gilliam asserts criminal violations of federal statutes, he lacks standing to bring such criminal claims. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Slavick v. Colotario*, 2018 WL 6597214, at *3 (D. Haw. Dec. 11, 2018) ("individuals rarely have a private cause of action to prosecute criminal statutes"); *Crockett v. City of Torrance*, 2012 WL 13005662, at *5 (C.D. Cal. Feb. 6, 2012) ("Other courts similarly have found that there is generally no private right of action for enforcement of federal criminal statutes, particularly those under Title 18"); *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."). Gilliam's assertion of federal criminal statute violations in this civil case is frivolous and does not provide this court with subject matter jurisdiction.

While Gilliam asserts a civil RICO claim under 18 U.S.C. § 1964(c), the claim as alleged cannot be deemed a "non-frivolous assertion of a federal claim." To state such a RICO claim, Gilliam must allege (1) conduct (2) of an enterprise

(3) through a pattern (4) of racketeering activity.  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004).  Gilliam baldly asserts a RICO violation, but does not allege facts supporting the elements of his claim.  The alleged civil RICO claim is merely a conclusory allegation of the elements of the claim, wholly unsupported by any factual allegations.  This court rules that the claim, as alleged, is too insubstantial and frivolous to support federal question jurisdiction and is instead being asserted solely for the purpose of establishing jurisdiction through a frivolous claim.  *See Bell*, 327 U.S. at 682-83.

Because Gilliam does not assert nonfrivolous federal claims, the federal claims he does assert do not supply this court with subject matter jurisdiction.

**III.    CONCLUSION.**

Gilliam's First Amended Complaint demonstrates neither diversity nor federal question jurisdiction.  The First Amended Complaint therefore contains no claim over which this court has subject matter jurisdiction.  Accordingly, the court dismisses the First Amended Complaint.  In the process, the court declines to exercise supplemental jurisdiction over Gilliam's state-law claims.  Under the circumstances, the court denies Glassett's request for fees and expenses.

The court would normally be liberal in giving *pro se* plaintiffs such as Gilliam leave to file an amended complaint to address pleading deficiencies. However, under the circumstances presented here, the court instead relies on Gilliam's ability to file a motion that seeks leave to file a Second Amended Complaint. The court here sets a deadline of January 31, 2019, for the filing of such a motion. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (quotation marks and citation omitted)).

Gilliam is not given leave to file a Second Amended Complaint without first obtaining leave of court. Any proposed Second Amended Complaint must be attached to a motion seeking leave to file it. If Gilliam fails to file a timely motion for leave to file a Second Amended Complaint, this action will be automatically terminated. If Gilliam timely files a motion for leave to file a Second Amended Complaint, Glassett is not required to do anything with respect to it unless this court orders a response.

The court provides Gilliam with some guidance with respect to any motion seeking leave to file a Second Amended Complaint. First, any proposed Second Amended Complaint must be complete in itself; it may not simply incorporate by reference

anything previously filed with this court or any other court. Second, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." With respect to each claim, Gilliam should describe what Glassett allegedly did in separate, numbered paragraphs, including sufficient facts and references to legal claims to put the Glassett on notice of why he is being sued.

A complaint is a road map to a plaintiff's claim. Accordingly, any proposed Second Amended Complaint should clearly and concisely articulate the claim being asserted and the basis or bases of this court's jurisdiction, and should be supported by sufficient factual detail to make the claim plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact"). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

        IT IS SO ORDERED

        DATED: Honolulu, Hawaii, January 9, 2019.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    Chief United States District Judge

*Gilliam v. Gassett*, Civil No. 18-00317 SOM-RLP; ORDER DISMISSING COMPLAINT; ORDER DISMISSING FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; ORDER DENYING AS MOOT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; ORDER SETTING DEADLINE FOR THE FILING OF A MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT